## McFEE v. UNITED STATES.
### No. 6569.

Circuit Court of Appeals, Ninth Circuit.
Nov. 9, 1931.

Rehearing Denied Dec. 18, 1931.

Harry H. Parsons, of Missoula, Mont., for appellant.

H. E. Ray, U. S. Atty., and Sam S. Griffin, W. H. Langroise, and Ralph R. Breshears, Asst. U. S. Attys., all of Boise, Idaho.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

SAWTELLE, Circuit Judge.

Appellant was found guilty and sentenced on an indictment of twelve counts, charging conspiracy to violate the National Prohibition Act, unlawful sales and possessions of liquor, and maintenances of common nuisanc-es. He was indicted jointly with four other defendants, three of whom pleaded guilty to various sales and possessions; the other counts, including that charging conspiracy, being dismissed as to those three defendants. G. J. Gort, the fifth defendant named in the indictment, forfeited his bond and was not tried.

The defendant-appellant McFee set forth fifty-five assignments of error, in a document filed in the lower court three days before the appeal was allowed. Only forty assignments are discussed in the appellant's brief. This court, however, is considering, in groups, the entire fifty-five.

The first three assignments and assignment No. 52 deal chiefly with the sufficiency of the evidence to go before the jury. To dispose of these assignments, a review of the evidence tending to establish appellant's guilt will be necessary.

About October, 1927, McFee purchased the Club Cigar Store, at Kellogg, Idaho, from F. P. ("Pinkey") Jones, one of the defendants under this indictment. Up to that time, liquor had not been sold in that store. McFee put Gort in charge of the place. Some witnesses testified that Gort or McFee had told them that the former was being put in charge "for the benefit of creditors." Others said that neither of these men had mentioned creditors to them, but said that McFee had informed them that "he was taking over Jones's business." Since either McFee or Gort, defendants under the indictment, were sources given by witnesses for the "creditor" theory, the jury was entitled to have the entire issue submitted to it for determination. There was no meeting of creditors shown to have taken place.

McFee paid the fire insurance and arranged for the compensation insurance. He also arranged for renting the store and the receipts for the rental payments therefor were issued in his name. The fire insurance policy was transferred to McFee and then renewed or carried in his name. The compensation insurance was likewise transferred to McFee. The water account for the premises was carried in McFee's name; so was the electric light account. The premium on Gort's automobile insurance policy was charged to McFee's account, the defendant being described as "cigar and candy store merchant." McFee put up bonds for Gort and Tom Seeley, another codefendant.

Gort, clearly shown to have been McFee's agent by the bank account, began selling liq-

uor in the cigar store or in the hotel room in the rear to McFee and others.

McFee's books for the period in question show payments to Jones and Gort. Jones was quoted as saying that he "was hauling liquor for McFee."

■ Assignments 4 to 16, inclusive, deal with requested instructions that were refused by the trial court. We have examined each of these, and do not find that the court committed any error in refusing to give them. It would serve no useful purpose to treat these assignments separately and thereby unduly lengthen this opinion. Suffice it to say that some of the instructions do not state the law, and those that do are adequately covered by the instructions given by the court. We might add, however, that many of the requested instructions are argumentative, and, even if they had not been covered by the instructions actually given, they were properly refused.

With the exception of those to be specially referred to in this opinion, the rest of the assignments deal with the rejection or admission of testimony. We should be justified in declining to consider these assignments for the reason that they are not prepared in accordance with rule 11 of this court: "When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected."

We have, nevertheless, examined the rulings assigned as error, and in our opinion the objections thereto are without merit.

For instance:

The very first two assignments of this group, Nos. 17 and 18, deal with the admission and with the refusal to strike the testimony of W. W. Papish to the effect that the defendant-appellant rented a building from him in Kellogg. In our view of the case, this testimony was highly important, since it was one link in the chain of circumstances tending to establish McFee not only as a member but as the prime mover in the conspiracy to establish a bootlegging business in the cigar store. The other links of that chain we have already sketched, and it would be superfluous to point them out again.

■ Nor do we think that the court erred in admitting testimony of transactions prior to July 1, 1929, since the indictment specifically lays the conspiracy as having commenced "at a date unknown to the Grand Jurors, but prior to the 1st day of July, 1929."

■ Assignment No. 50 complains that the trial court erred in admitting "testimony of the witness W. A. Devin, bookkeeper and accountant, of Exhibit 23." There is no merit to this objection, since the exhibit was "made up at McFee's request," tended to connect him with Jones, a confessed bootlegger, and with Gort, who had jumped his bond, and could properly be explained by the accountant who had prepared it.

Assignments Nos. 53 and 54 attack certain instructions said to have been given by the court. These two assignments violate another provision of rule 11 of this court: "When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused."

Nevertheless, we are again overlooking this formal defect and have considered the objection on its merits, and find that there is no validity in either assignment. No. 53 asserts that "the court erred in overruling the defendant's exception to giving the instruction on accomplices in that it singled out the testimony, especially emphasized it particularly and misdirected the jury as a matter of law and evaded [invaded?] the province of the jury as a matter of fact." We have examined that portion of the instructions relating to accomplices with particular care, and we find no error therein.

Assignment No. 54 is meaningless and self-contradictory, and does not quote accurately any statement to be found in the instructions given by the court: "The court erred in denying defendant's exception to the court's instruction on the question of corroboration, in that the court instructed the jury that false testimony could be corroborated by other credible and valid testimony."

We find no prejudicial error in the record, and accordingly the judgment is affirmed.